┌─────────────────────────────────────────────────────────────┐
│              **NOT FOR PUBLICATION WITHOUT THE**              │
│            **APPROVAL OF THE APPELLATE DIVISION**            │
│                                                             │
│  This opinion shall not "constitute precedent or be binding upon any court." │
│  Although it is posted on the internet, this opinion is binding only on the  │
│   parties in the case and its use in other cases is limited. R.1:36-3.       │
└─────────────────────────────────────────────────────────────┘

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2903-15T3

ROBERT J. TRIFFIN,

    Plaintiff-Appellant,

v.

FOREMOST PROPERTY AND CASUALTY
INSURANCE COMPANY,

    Defendant-Respondent,

and

MICHAEL GRAF a/k/a MICHAEL
H. GRAF T/A SERVICE MASTER
OF THE SHORE AND CITIBANK,
N.A.,

    Defendants.

_____

        Argued September 12, 2017 — Decided September 19, 2017

        Before Judges Fisher and Fasciale.

        On appeal from Superior Court of New Jersey,
        Law Division, Ocean County, Docket No. DC-
        8033-14.

        Robert J. Triffin, appellant, argued the cause
        pro se.

        Stephen C. Wolf argued the cause for
        respondent (Callegher, Mensching & Carro,
        attorneys; Mr. Wolf, on the brief).

PER CURIAM

In this check-cashing case, Robert J. Triffin appeals from three orders: a February 11, 2016 order dismissing Triffin's complaint and granting summary judgment to defendant Foremost Property and Casualty Ins. Co.[1]; a February 11, 2016 order denying Triffin's motion for summary judgment; and a December 23, 2014 order granting defendant Citibank, N.A.'s motion to dismiss Triffin's complaint with prejudice. Judge James W. Palmer, Jr. entered the orders and rendered a thorough written opinion dated February 11, 2016.

Triffin is the assignee of a check-cashing entity that cashed two checks, both of which were jointly payable to Michael Graf and Service Master of the Shore. The endorsements, real or fraudulent, were by Graf; the cashing of the checks in the absence of an endorsement by Service Master, whether true or not, constitutes a violation of the Check Cashers Regulatory Act, barring Triffin's assignor from recovering. As assignee, Triffin's rights extend only so far as the check-cashing entity.

---

[1] In the judge's written decision, the judge reflects that he dismissed Triffin's complaint against these defendants with prejudice.

On appeal, Triffin raises the following arguments in his corrected brief and reply brief, which we have re-numbered to appear in consecutive order:

POINT I.
THE TRIAL JUDGE'S FAILURE TO COMPLY WITH THE SUPREME COURT'S SEMINAL CHECK COLLECTION HOLDING, AS TO THE UCC'S SOLE STATEMENT OF THE RIGHTS AND LIABILITIES OF THE PARTIES, CONSTITUTES REVERSIBLE ERROR.

POINT II.
FOREMOST NEITHER PLEAD A REAL OR PERSONAL DEFENSE AS DEFINED IN N.J.S.A. 12a:3-305, AND AS REFRENCED IN N.J.S.A. 12a:3-308, THUS THE ISSUE OF TRIFFIN'S LEGAL STATUS AS A HOLDER IN DUE COURSE I[S] NOT APPLICABLE TO THE FACTS OF THIS APPEAL.

POINT III.
THE TRIAL JUDGE COMMITTED ERROR WHEN HE ASSUMED THAT HIS ASSIGNOR'S "GOOD FAITH" IS A MATERIAL ELEMENT OF TRIFFIN'S UCC RECOUPMENT CLAIMS, AND TO WHICH CLAIMS FOREMOST FAILED TO ASSERT A COGNIZABLE PERSONAL DEFENSE.

POINT IV.
NEW JERSEY'S STANDARDS OF STATUTORY CONSTRUCTION FORECLOSES FOREMOST'S ARGUMENT, THAT THE NEW JERSEY CHECK CASHERS[] REGULATORY ACT BARS TRIFFIN'S UCC RECOUPMENT CLAIMS.

POINT V.
BY THEIR NATURE, FOREMOST'S ARGUMENTS ARE A CALL FOR A DECISION UPON HYPOTHETICAL FACTS, AND WHICH HYPOTHETICAL FACTS NEW JERSEY COURTS DO NOT HAVE SUBJECT MATTER JURISDICTION TO ENTERTAIN.

POINT VI.
CONTRARY TO FOREMOST'S ARGUMENTS, THE NEW JERSEY LEGISLATURE HAS NOT AMENDED THE UCC TO INCLUDE A PLAINTIFF'S COMPLIANCE WITH THE NEW

JERSEY CHECK CASHERS[] REGULATORY ACT AS A MATERIAL ELEMENT OF A CLAIM TO RECOVER UPON A DISHONORED CHECK.

After reviewing the record and the briefs, we conclude that Triffin's arguments are without sufficient merit to warrant discussion in a written opinion, R. 2:11-3(e)(1)(E), and affirm substantially for the thoughtful reasons expressed by Judge Palmer.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION